GEORGE BOWER, Appellee, v. A. E. WALDRON et al., Appellees; IOWA SAVINGS BANK OF AUDUBON, Appellant.

**BILLS AND NOTES:** Bona-Fide Purchaser—Dishonor of Demand Paper. Evidence that a demand, non-interest-bearing bank certificate of deposit had been negotiated six months after issuance, and had, prior to that time (but without the knowledge of the indorsee), been dishonored by the issuing bank, because of garnishment proceedings against the payee, justifies a jury in finding that the negotiation was unreasonably delayed, and that the indorsee was not a holder in due course.

*Appeal from Carroll District Court.*—M. E. HUTCHISON, Judge.

APRIL 3, 1923.

THE issue herein is between a garnishing creditor and an intervening claimant of the garnished fund. Judgment went against the intervener, and it appeals.—*Affirmed.*

*Mantz & White,* for appellant.

*M. M. Cooney, Salinger, Reynolds, Meyers & Cooney,* and *Saul & Saul,* for appellees.

EVANS, J.—Bower obtained judgment against Waldron. Sometime thereafter, Waldron deposited in the First National Bank of Coon Rapids $802.72, and took a demand certificate of deposit therefor. Thereupon, Bower took execution, and garnished the depositary bank thereunder, while Waldron was still holder of the demand certificate. More than six months thereafter, Waldron sold the certificate for full value, and duly indorsed the same to the intervener, Iowa Savings Bank of Audubon. The decisive question in the case is, Was the intervener-appellant a holder in due course, within the meaning of the Negotiable Instruments Act? That the intervener purchased the instrument in good faith and for full value and without any actual notice of any defense is without doubt, upon the record. If it is not a holder in due course, it is because of infirmity in

the instrument. The appellee specifies two grounds which are alleged to be fatal to the negotiability of the instrument: (1) That the instrument was payable in "current funds;" (2) that it was not negotiated within a reasonable time, and was thereby wholly dishonored at the time of the purchase by intervener.

The first specification presents some difficulty, and we pass first to the second specification. The Negotiable Instruments Act provides:

"Sec. 3060-a53. Where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course."

"Sec. 3060-a193. In determining what is a 'reasonable time' or an 'unreasonable time' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case."

The certificate involved in this case bore no interest, and had run for six months and one day, at the time it was offered to the intervener. It had, in fact, been dishonored by the issuing bank by a refusal to pay because of the garnishment. Its dishonor, however, was not evidenced by any notation on the instrument. The time actually elapsed and the "facts of the particular case" as appearing herein were sufficient to make the question of reasonable time one for the jury. *In re Estate of Philpott*, 169 Iowa 555. The case was tried below as an action at law, to the court without a jury. Its finding of fact at this point has the force and effect of a verdict. It has abundant support in the evidence. This point is, therefore, decisive of the case. We need not consider the first specification presented to us in argument. The question therein raised presents difficulties, as heretofore indicated by us in *Frink v. Commercial Bank of Emmetsburg*, 195 Iowa —. We again withhold decision thereon.

For the reason indicated, the judgment below is—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.